UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MELIK HARRISON,**<br><br>Plaintiff,<br><br>v.<br><br>**PLYMOUTH COUNTY SHERIFF'S DEPARTMENT, et al.,**<br><br>Defendants. | Civil Action No. 24-cv-11347-DJC |

## ORDER

**CASPER, J.**                                                                                     **August 20, 2024**

Plaintiff Melik Harrison, who is incarcerated at the Plymouth County Correctional Facility ("PCCF"), brings this action under 42 U.S.C. § 1983 ("§ 1983"), alleging that PCCF Transport Officer Lotterhand violated his Eighth Amendment rights by not helping him onto a transport van and not securing him properly in the van. D. 1 at 2-3. Harrison names Officer Lotterhand, PCCF Superintendent Antone Moniz, and the Plymouth County Sheriff's Department as defendants. Id. Harrison has also filed a motion for leave to proceed *in forma pauperis*, D. 3, and a motion for appointment of counsel, D. 2. On August 13, 2024, Harrison filed an amended complaint, D. 10, but it names the same defendants and asserts the same claims, only addd emotional distress and pain and suffering to the alleged injuries that he has suffered. Id. at 5.

Upon review of Harrison's filings, the Court hereby orders:

1.      The motion for leave to proceed *in forma pauperis*, D. 3, is ALLOWED. The $52 administrative fee for commencing a non-habeas civil action is waived. Pursuant to 28 U.S.C. § 1915(b), the $350 statutory filing fee shall be collected over time. The Court assesses an initial

1

partial filing fee of $49.10, see 28 U.S.C. § 1915(b)(1), and the remainder of the fee, $300.90, shall be collected pursuant to 28 U.S.C. § 1915(b)(2).  The Clerk shall issue a notice for payment of prisoner filing fee and mail the notice and this order to the treasurer of the institution having custody of Harrison.

2.	Superintendent Moniz is DISMISSED without prejudice as a defendant because Harrison has not stated a viable claim against this defendant.[1]  In the context of a § 1983 claim, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable."  Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005).  In other words, a superintendent or other supervisory employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have had some form of direct involvement in the alleged misconduct.  See id. at 129-30; Ouellette v. Beaupre, 977 F.3d 127, 140 (1st Cir. 2020) (stating that "respondeat superior" does not apply to § 1983 actions and, therefore, "a § 1983 claim premised on a theory of supervisory liability must plead an 'affirmative link between the behavior of a subordinate and the action or inaction of his supervisor.'" (quoting Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 533 (1st Cir. 2011))).  Harrison has not made any factual allegations suggesting that Superintendent Moniz participated in Officer Lotterhand's alleged misconduct.

3.	The Plymouth County Sheriff's Office also is DISMISSED as a defendant.  The Plymouth County Sheriff's Office has been an arm of the Commonwealth since 2010, see Mass. St. 2009, c. 61, § 3 (transferring the sheriff's offices in Plymouth County and other counties to the Commonwealth), see Denson v. Gelb, No. 14-cv-14317-DPW, 2015 WL 4271481, at *7 (D. Mass.

---

[1] Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court may conduct a preliminary review of the complaint and dismissed the pleading or any claims therein that failure to state a claim upon which relief may be granted.

Jul. 13, 2015) and states cannot be sued under § 1983, id.; see Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

4. Harrison's official capacity claim against Officer Lotterhand is DISMISSED. A claim against a state employee in their official capacity is treated as a claim against the state itself, id.; Lewis v. Clarke, 581 U.S. 155, 162 (2017) (stating that official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent") (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985))), and as noted above, a state cannot be sued under § 1983. Harrison's individual capacity claim against Officer Lotterhand allows him to "seek to impose individual liability upon [Officer Lotterhand] for actions [he] [took] under color of state law," id. (emphasis in original) (quoting Hafer v. Malo, 502 U.S. 21, 25 (1991)), and shall proceed.

5. A summons shall issue for Officer Lotterhand. Harrison is responsible for ensuring that Officer Lotterhand is served with the summons, complaint, and this order in accordance with Rule 4 of the Federal Rules of Procedure. Service must be completed within 90 days of the date the summons issues. Failure to complete service within 90 days may result in dismissal of the action without prior notice from the Court. See Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

6. Because Harrison is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If requested by Harrison, the USMS shall serve a copy of the summons, complaint, and this order upon Officer Lotterhand. Harrison is responsible for providing the USMS all copies for service and for completing a USM-285 form. The Clerk shall provide Harrison the form and instructions for service by the USMS.

7. The motion for appointment of counsel, D. 2, is DENIED without prejudice to renewal once Officer Lotterhand has been served with and has responded to the complaint.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge